UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOSE PEÑA, on behalf of himself, individually,
and on behalf of all others similarly-situated,

                              Plaintiff,

                -against-

BURNSIDE FOOD CORP. d/b/a C-TOWN
SUPERMARKET, and GEORGE GUZMAN,
an individual,

                           Defendants.
-----------------------------------------------------------------X

**COMPLAINT**

**Docket No.:**

Jury Trial Demanded

Plaintiff, JOSE PEÑA ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs"), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against BURNSIDE FOOD CORP. d/b/a C-TOWN SUPERMARKETS ("C-Town") and GEORGE GUZMAN, an individual, (collectively as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

**NATURE OF THE CASE**

1. This is a civil action for damages and equitable relief based upon willful violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers provide on each payday wage statements to their employees containing specific categories of accurate

1

information, NYLL § 195(3); (iv) the NYLL's requirement that employers furnish employees with a wage notice at hire containing specific categories of accurate information, NYLL § 195(1); and (v) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - a supermarket in the Bronx and its manager and day-to-day overseer who was Plaintiff's direct supervisor - - as a meat department "manager" from in or around June 2015 through on or about November 12, 2017. As described below, throughout the entirety of his employment, Defendants intentionally misclassified Plaintiff as exempt, and as a result, willfully failed to pay Plaintiff the wages lawfully due to him under the FLSA and the NYLL. Specifically, despite performing primarily non-exempt duties, Defendants required Plaintiff to work more than forty hours per workweek while paying him a flat weekly salary intended to cover only his first forty hours worked per week, and thus intentionally failed to compensate him at any rate of pay, let alone at the statutorily-required overtime rate of time and one-half his straight-time rate, for each hour that Plaintiff worked per week in excess of forty.

3. Additionally, Defendants failed to provide Plaintiff with accurate wage statements on each payday or with an accurate wage notice at the time of his hire, both as the NYLL requires.

4. Defendants paid and treated all of their department managers in this same manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA. Plaintiff

brings his claims under the NYLL on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

8. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

9. At all relevant times herein, Defendant C-Town was and is a New York corporation with its principal place of business located at 309 East Burnside Avenue, Bronx, New York 10457.

10. At all relevant times herein, Defendant Guzman was the store manager and day-to-day overseer of C-Town, who was Plaintiff's direct supervisor.

11. At all relevant times herein, Defendants were and are "employers" within the meaning of the FLSA and the NYLL. Additionally, Defendant C-Town's annual business exceeded and exceeds $500,000, and C-Town is engaged in interstate commerce within the meaning of the FLSA as it employs two or more employees, buys food products and other goods from vendors located in states other than New York that it then sells to its customers, and also accepts credit cards as a form of payment based on cardholder agreements with out-of-state

companies, as well as cash that naturally moves across state lines, the combination of which subjects C-Town to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former employees who during the applicable FLSA limitations period, performed any work for Defendants as a department manager, and who consent to file a claim to recover damages for overtime compensation that is legally due to them ("FLSA Plaintiffs").

13. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

14. At all relevant times herein, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and choose not to do so.

15. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## BACKGROUND FACTS

16. Defendant C-Town is a supermarket located at 309 East Burnside Avenue in the Bronx that sells food and household goods.

17. Defendant Guzman is the manager and day-to-day overseer of Defendant C-Town, who in that capacity is responsible for all personnel matters with respect to C-Town's employees, including but not limited to hiring and firing, setting work schedules and hours, and determining the amount and method of pay for all employees. To that end, Defendant Guzman personally terminated Plaintiff's employment, determined the amount of wages to be paid to Plaintiff and the method of paying Plaintiff those wages, and set Plaintiff's work schedule.

18. Plaintiff worked for Defendants at C-Town as a meat department manager from in or around June 2015 until on or about November 12, 2017.

19. As a meat department manager, despite its title, Plaintiff's primary duties consisted of cutting and preparing meat, maintaining the freshness of the meat by properly storing it, and passing the meat to the front counter to sell to customers. Indeed, Plaintiff spent well in excess of fifty percent of his time performing these specific tasks.

20. Throughout his employment, Defendants required Plaintiff to work, and Plaintiff did work, seven days per week in his role as a meat department manager, from 5:00 a.m. until 3:00 p.m. on Wednesdays, from 8:00 a.m. until 8:00 pm. on Sundays, and from 8:00 a.m. until 9:00 p.m. the remaining five days. Defendants did not provide Plaintiff with any scheduled or uninterrupted breaks during any workday. Thus, Defendants required Plaintiff to work, and Plaintiff did work, approximately eighty-seven hours per week.

21. In exchange for his work, throughout his employment, Defendants paid Plaintiff a flat weekly salary of $1,200, which was intended to and did cover only the first forty hours that Plaintiff worked each week, and which yields a regular hourly rate of $30.00.

22. Throughout his employment, Defendants did not pay Plaintiff at any rate of pay for any hours that he worked in a week in excess of forty, let alone at his legally-mandated overtime rate of $45.00.

23. By way of example only, during the week of October 20 through October 26, 2017, Defendants required Plaintiff to work, and Plaintiff did work, Friday and Saturday from 8:00 a.m. until 9:00 p.m., Sunday from 8:00 a.m. until 8:00 p.m., Monday and Tuesday from 8:00 a.m. until 9:00 p.m., Wednesday from 6:00 a.m. until 3:00 p.m., and Thursday from 8:00 a.m. until 9:00 p.m., without any scheduled or uninterrupted breaks during any day. Thus, adding up the hours for this representative workweek, Plaintiff worked eighty-six hours over the course of seven days. For his work during this week, Defendants paid Plaintiff $1,200.00, which covered only the first forty hours that Plaintiff worked. Defendants did not pay Plaintiff at any rate, and thus not at his overtime rate of $45.00, for any hours that Plaintiff worked in excess of forty that week

24. Defendants paid Plaintiff on a weekly basis.

25. On each occasion when they paid Plaintiff, Defendants failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, his actual hours worked for that week, or an accurate listing of his hours worked to be paid at his overtime or straight-time rate of pay.

26. Additionally, Defendants did not provide Plaintiff with a wage notice at the time of his hire that accurately contained, *inter alia*, Plaintiff's regular and overtime rates of pay as designated by the employer.

27. Defendants treated Plaintiff and FLSA Plaintiffs in the same manner described herein.

28. Defendants acted in this manner to maximize their profits and minimize their labor costs and overhead.

29. Each hour that Plaintiff and FLSA Plaintiffs worked was for Defendants' benefit.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the FLSA*

30. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

31. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

32. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

33. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

34. Defendants willfully violated the FLSA.

35. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

36. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the NYLL and the NYCCRR*

37. Plaintiff and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

38. NYLL § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

39. As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and the NYCCRR.

40. As also described above, Plaintiff and any FLSA Plaintiff who opts-into this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCCRR's overtime provisions.

41. Plaintiff and any FLSA Plaintiff who opts-into this action, are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

42. Plaintiff and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

43.     Plaintiff and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

44.     NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

45.     As described above, Defendants, on each payday, failed to furnish Plaintiff and any FLSA Plaintiff who opts-into this action, with accurate wage statements containing the criteria required under the NYLL.

46.     Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-into this action, in the amount of $100 for each workweek after the violation occurred, up to a statutory cap of $2,500.

47.     On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-into this action, in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Notices in Violation of the NYLL*

48.     Plaintiff and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

49.     NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

50.    As described above, Defendants failed to furnish Plaintiff and any FLSA Plaintiff who opts-into this action, with an accurate wage notice at hire containing all of the criteria required under the NYLL.

51.    Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-into this action, in the amount of $50 for each workweek after the violation occurred, up to a statutory cap of $2,500.

52.    On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-into this action, in the amount of $50 for each workday after the violations initially occurred, up to a statutory cap of $5,000.

## DEMAND FOR A JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a.    A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.    Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.    An order restraining Defendants from any retaliation against Plaintiff and/or FLSA Plaintiffs for participation in any form in this litigation;

    d.    Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

    e.    All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

    f.    Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

    g.    Awarding Plaintiff and FLSA Plaintiffs their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, as well as reasonable attorneys' fees, and an award of a service payment to Plaintiff;

    h.    Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

    i.    Pre-judgment and post-judgment interest, as provided by law; and

j.       Granting Plaintiff and FLSA Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: Great Neck, New York
       February 23, 2018

                                      Respectfully submitted,

                                      BORRELLI & ASSOCIATES, P.L.L.C.
                                      *Attorneys for Plaintiff*
                                      1010 Northern Boulevard, Suite 328
                                      Great Neck, New York 11021
                                      Tel. (631) 248-5550
                                      Fax. (631) 248-6027

                                 By: _____
                                   TAYLOR M. FERRIS (TF 0521)
                                   ALEXANDER T. COLEMAN (AC 1717)
                                   MICHAEL J. BORRELLI (MB 8533)